*HUGHES* vs. *HARRISON.*

APPEAL from the court of the 7th district. The judge of the 5th district presiding.

MARTIN, J. delivered the opinion of the court. The appellant relies entirely on an assignment of errors, as follows:

1. The sheriff's conveyance to the plaintiff does *not* state the amount of the mortgages on the property sold.

2. The plaintiff's bid was not sufficient to cover them.

3. The deed does not recite the names of the parties to the suit, the writ, nor the style of the court issuing it.

4. There is a variance between the date of the deed stated in the petition, and that offered in evidence.

5. The deed does not state in what manner the plaintiff bound himself to pay the purchase money.

The first, third, and last assignments relate to omissions in the deed, and are of no avail, for the Code of Practice has provided that the property sold on execution passes to the last bidder by the adjudication—that the deed adds no force or effect to the adjudication;

*In a sale on a fi. fa. the property passes by the adjudication If there be a variance between the date of the deed annexed to the petition, and that stated in it, the former corrects the latter.*

and that, consequently, the omissions of the sheriff in the deed do not affect the title of the bidder.  *Art.* 690 & 694.

The record not shewing the amount of the mortgages, we are unable to say whether the bid does not cover them.

It does not appear that there is any variance between the date of the deed stated in the petition and that offered in evidence. The deed is set out in the petition, and made part of it—the error of date between the statement in the petition and the deed annexed, is not fatal, for the latter corrects the former; and it does not appear that a deed different from the copy annexed to the petition, was given in evidence.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Scott* for the plaintiff—*Downs* for the defendant.